UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DONNA YUK LAN LEONG (01), MAX JOHN SWORD (02), ROY KEIJI AMEMIYA JR. (03),<br><br>　　　　Defendant. | CR. NO. 21-00142 LEK |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, FILED JANUARY 31, 2022 [DKT. NO. 31], AND DENYING THE JOINDERS IN THE MOTION, FILED MARCH 21, 2022 [DKT. NOS. 89, 90]**

On January 31, 2022, Defendant Roy Keiji Amemiya, Jr. ("Amemiya") filed the instant motion seeking dismissal of the Indictment filed on December 16, 2021 against him by Plaintiff United States of America ("the Government"). See Amemiya's Motion to Dismiss ("Motion"), filed 1/31/22 (dkt. no. 31). The Government filed its response on March 3, 2021 ("Memorandum in Opposition"), and Amemiya filed his reply in support of the Motion ("Reply") on March 10, 2022. See dkt. nos. 73, 76.[1]

---

[1] In his Reply, Amemiya raises arguments and issues not contained in the Motion, and thus this Court strikes the Reply and does not address these issues. Pursuant to Ninth Circuit law, the Court is not required to address arguments raised for the first time in a reply brief. See Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990) (parties "cannot raise a new issue for the first time in their reply briefs" (quotation marks
(. . . continued)

Defendants Donna Yuk Lan Leong ("Leong") and Max John Sword ("Sword") filed their respective joinders in the Motion on March 21, 2022.[2]  See Leong's Joinder in Defendant Roy Keiji Amemiya's Motion to Dismiss [ECF No. 31], filed 3/21/22 (dkt. no. 89); Sword's Joinder in Defendant Roy Amemiya, Jr.'s Motion to Dismiss [ECF. No. 31], filed 3/21/22 (dkt. no. 90).

The Motion came on for hearing on March 24, 2022.  For the reasons stated below, the Motion is denied, and the joinders of simple agreement are also denied.

## BACKGROUND

The events underlying the criminal prosecution in this matter arise from the employment separation of former Honolulu

---

and citation omitted)); see also Local Rule LR7.2 ("Any argument raised for the first time in the reply shall be disregarded.").

[2] Local Rule 7.7 provides, in pertinent part, that:

> Except with leave of court based on good cause, any substantive joinder in a motion or opposition must be filed and served within three (3) days of the filing of the motion or opposition joined in.  "Substantive joinder" means a joinder that is supported by a memorandum that complies with LR7.4(a) and (b) supplementing the motion or opposition joined in.  If a party seeks the same relief sought by the movant for himself, herself, or itself, the joinder shall clearly indicate that.  A joinder of simple agreement may be filed at any time. . . .

The joinders filed by Leong and Sword were filed more than three days after the Motion was filed, and they are not supported by a memorandum.  Thus, they are simple joinders that do not seek specific relief for these parties.

Police Department Chief of Police Louis Kealoha ("Kealoha") from the Honolulu Police Department ("HPD").  Specifically, the Government alleges that Kealoha (who, when the agreement was reached, had been the target of a federal criminal investigation and, as a result, had been placed on administrative leave as the chief of police) agreed to retire from HPD for a payment in the amount of $250,000, and that the Honolulu Police Commission ("Police Commission") approved this payment in return for Kealoha's retirement, and his waiver and release of any legal claims stemming from employment with or retirement from HPD. See Indictment **First Superseding** ("Superseding Indictment"), filed 3/17/22 (dkt. no. 79), at pg. 7.  Kealoha was subsequently indicted and convicted in United States v. Louis M. Kealoha, Cr. No. 17-00582(02) JMS-WRP, and United States v. Louis M. Kealoha, Cr. No. 18-00068(02) JMS-WRP.  At the time that the agreement was reached with Kealoha, Leong was the Corporation Counsel for the City and County of Honolulu ("City"), Sword was the chairperson of the Police Commission, and Amemiya was the City's Managing Director.  [Superseding Indictment at ¶¶ 1-3.] The Government alleges, among other things, that the defendants conspired: to induce HPD to use its budget to fund the $250,000 payment to Kealoha; [id. at ¶ 27;] to attempt to have HPD make misleading representations to the Honolulu City Council ("City Council") to obtain funding to replace the money paid from HPD's

3

budget to pay the $250,000 payment to Kealoha; [id. at ¶ 28;] and to attempt to persuade HPD not to disclose to the City Council that the $250,000 payment was the reason for HPD's request for additional funding in the fourth quarter, [id. at ¶ 29].

On December 16, 2021, the Government filed the initial Indictment against the defendants. [Dkt. no. 1.] These defendants are charged with one count of conspiracy, in violation of 18 U.S.C. § 371; specifically, it is alleged that they conspired

> [t]o embezzle, steal, obtain by fraud and otherwise without authority . . . , in violation of Title 18, United States Code, Section 666(a)(1)(A); and, . . . [t]o devise and intend to devise, with the intent to defraud, . . . in violation of Title 18, United States Code, Section 1343.

[Indictment at pg. 9.] Subsequently, on March 17, 2022, the Superseding Indictment was filed in which all defendants were again charged with conspiracy, in violation of 18 U.S.C. § 371 (Count 1), and Leong was additionally charged with five counts of making false statements, in violation of 18 U.S.C. § 1001(a)(2) (Counts 2-6). See Superseding Indictment at pgs. 8-19.

## STANDARD

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the

4

offense charged." Fed. R. Crim. P. 7(c)(1). Where the indictment is based upon statute, the statutory language may be used in the indictment as a general description of the offense, "but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, . . . with which he is charged." Russell v. United States, 369 U.S. 749, 765 (1962) (quotation marks and citations omitted). Whether or not an indictment is sufficient depends on

> "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086, 103 S. Ct. 1778, 76 L. Ed. 2d 349 (1983). For purposes of review, "[t]he allegations of the indictment are presumed to be true." Id. An indictment should be: "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." Id. at 899.

United States v. Blinder, 10 F.3d 1468, 1471 (9th Cir. 1993) (alteration in Blinder).

  Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, "the district court is bound by the four corners of the indictment" and "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."

5

United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002) (citations omitted).  No evidentiary hearing is required.  Id.

## DISCUSSION

Amemiya makes three arguments for the dismissal of Count 1 as alleged against him:[3] first, that no cognizable offense has been alleged against him; second, that the Government failed to allege that he conspired to commit an offense against the United States or to defraud the United States; and third, that the Government failed to identify what specific crime he is alleged to have conspired to commit.  He is mistaken.  The Government correctly points out that "Amemiya and his co-conspirators are charged under the offense clause, with the objects of the conspiracy being violations of 18 U.S.C. §§ 666(a)(1)(A) and 1343."  [Mem. in Opp. at 8.]  The applicable statute for the offense first referenced (§ 666(a)(1)(A)) provides, in pertinent part, that:

---

[3] The parties agreed at the hearing that the charge in Count 1 against all the defendants in the Superseding Indictment is essentially the same single charge in the initial Indictment. Thus, although the Motion was filed prior to the filing of the Superseding Indictment, the Court construes the Motion as seeking dismissal of both the Indictment and Count 1 of the Superseding Indictment as to Amemiya.  See United States v. Flores-Perez, 646 F.3d 667, 671 (9th Cir. 2011) ("[W]e hold that a superseding indictment does not nullify an original indictment.").

>    **(a)**   Whoever, if the circumstance described in subsection (b) of this section exists--
>
>>    **(1)**   being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
>
>>>    **(A)**   embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property that--
>
>>>>    **(i)**   is valued at $5,000 or more, and
>
>>>>    **(ii)** is owned by, or is under the care, custody, or control of such organization, government, or agency;
>
>>>>  . . . .
>
>>  . . . .
>
>    shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(1)(A).

For a § 666(a) offense, there is no requirement for the United States to be the target or victim of the offense. United States v. Mirikitani, 380 F.3d 1223, 1225 (9th Cir. 2004) (noting the government is not required to establish a federal nexus (citing Sabri v. United States, 541 U.S. 600, 605-06, 124 S. Ct. 1941, 1945-46, 158 L. Ed. 2d 891 (2004))). A § 666(a) offense has to do with protecting funds distributed through Federal programs from improper use, including "'theft, fraud,

7

and undue influence by bribery.'" Sabri, 541 U.S. at 606 (quoting S. Rep. No. 98-225, p. 370 (1983)).

The Superseding Indictment contains a description of the § 666(a) offense charged – for instance, it alleges: that "[t]he City received benefits in excess of $10,000 under a Federal program[;]" [Superseding Indictment at ¶ 4;] that claims or disputes against the City could be settled or compromised by the Corporation Counsel as long as the amount of payment was not "in excess of $5,000; provided the money to settle claims . . . had been appropriated and was available . . . and . . . that a quarterly report of all settlements were filed with the City Council . . ."; [id. at ¶ 11;] that any cumulative transfer of funds "in excess of $100,000 or 10 percent of the amount appropriated . . ." could not be executed without City Council approval by resolution; [id. at ¶ 12;] that Leong, Sword, and Amemiya arranged for Kealoha to be paid $250,000 "as consideration for a waiver and release of the City, HPD, [the Police Commission], and their agents from any claims stemming from Kealoha's employment or retirement[;]" [id. at ¶ 18;] that Kealoha's payment was coded as "three amounts: $99,999, $99,999, and $50,002[,] . . . generated into one check: City and County of Honolulu check #20600767, . . . in the amount of $160,000 ($250,000 less taxes . . .)[;]" [id. at ¶ 19;] and that Leong, Sword and Amemiya avoided obtaining City Council approval

8

for the funds used to pay Kealoha in consideration for his waiver of claims, see id. at ¶¶ 33(d), 33(f), 33(g), 33(j), 33(m), 33(y), 33(z).  The Court, in considering a motion to dismiss, must assume that the allegations are true, and does not decide whether the Government can prove them.  The Court finds that the Superseding Indictment sufficiently states the offense elements and advises Amemiya of the charge that he conspired to commit an 18 U.S.C. § 666(a)(1)(A) offense.

The Government also charges that Amemiya conspired to commit a § 1343 offense.  The statutory language provides, in pertinent part, that

> [w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, . . . in interstate . . . commerce, any writings, . . . for the purpose of executing such scheme or artifice, shall be fined . . . or imprisoned . . . , or both.

18 U.S.C. § 1343.  The elements of this offense are three-fold: "(1) a scheme to defraud, (2) use of the wires in furtherance of the scheme and (3) a specific intent to deceive or defraud." United States v. Garlick, 240 F.3d 789, 792 (9th Cir. 2001) (citing United States v. Blinder, 10 F.3d 1468, 1472 (9th Cir. 1993)).  There is no requirement that the United States must be the target of the deceit or fraud.  See id. ("Courts have consistently construed Congress' intent behind the mail fraud

9

statute broadly, focusing on the use of the mails itself, not on . . . a particular fraud victim."). The Government is therefore required to state sufficient information in the Superseding Indictment alleging that Amemiya conspired with others in a scheme to defraud that used the wires in that scheme and with the specific intent to deceive or defraud. It has done so. See Superseding Indictment at ¶¶ 19, 25, 25(a), 25(b), 26, 27, 33(d), 33(f), 33(g), 33(j), 33(m), 33(y), 33(z).

The Court, in considering a motion to dismiss, must assume that the allegations are true, and does not decide whether the Government can prove them. The Court finds that the Superseding Indictment sufficiently states the offense elements and advises Amemiya of the charge that he conspired to commit an 18 U.S.C. § 1343 offense.

## CONCLUSION

For the foregoing reasons, Amemiya's Motion to Dismiss, filed January 31, 2022, is DENIED. Further, Leong's and Sword's joinders of simple agreement with the Motion, filed March 21, 2022, are also DENIED.

**IT IS SO ORDERED.**

DATED AT HONOLULU, HAWAII, March 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. DONNA LEONG, ET AL.; CR 21-00142 LEK; ORDER DENYING DEFENDANT'S MOTION TO DISMISS, FILED JANUARY 31, 2022 [DKT. NO. 31], AND DENYING THE JOINDERS IN THE MOTION FILED MARCH 21, 2022 [DKT. NOS. 89, 90]