UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DONNA YUK LAN LEONG (01), MAX JOHN SWORD (02), ROY KEIJI AMEMIYA JR. (03),<br><br>　　　　Defendant. | CR. NO. 21-00142 LEK |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ROY KEIJI AMEMIYA, JR. AND MAX JOHN SWORD'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS [FILED 7/7/22 (DKT. NO. 118)]**

Defendant Roy Keiji Amemiya, Jr. ("Amemiya") and Defendant Max John Sword ("Sword" and collectively "Defendants") seek an order compelling the production of documents from Plaintiff United States of America ("the Government"). See Defs' Motion to Compel Production of Documents, filed 7/7/22 (dkt. no. 118) ("Motion"). Defendants seek to have the Government "produce all documents not yet produced pursuant to its obligations under the[ Federal Rules of Criminal Procedure, this district court's Local Rules,] and Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)." [Defs' Memorandum in Support of Motion ("Mem. in Supp.") at 1.] The Government opposes the Motion on the grounds that it "has produced seven rounds of discovery, which consists of

approximately 19,561 pages and 149 other files (consisting of media and Excel files)."  [Govt's Response in Opposition to Defendants Amemiya and Sword's Motion to Compel Discovery [ECF No. 118], filed 7/21/22 (dkt. no. 136) ("Mem. in Opp."), at 2.] While Defendants acknowledge the six rounds of discovery produced, they contend that, notwithstanding the amount of discovery produced, the Government "has failed to respond to or appropriately address several requests that are crucial to the defense."  [Mem. in Supp. at 2 (citation omitted).]

For the reasons set forth below, the Motion is GRANTED IN PART AND DENIED IN PART.

## FACTUAL BACKGROUND

On December 16, 2021, Amemiya and Sword were indicted, along with Defendant Donna Yuk Lan Leong ("Leong"), and charged with one count of conspiracy

> a.  To embezzle, steal, obtain by fraud and otherwise without authority knowingly convert over $5,000 or more from a program receiving federal funding, in violation of Title 18, United States Code, Section 666(a)(1)(A); and,
>
> b.  To devise and intend to devise, with the intent to defraud, a material scheme and artifice to defraud and to obtain money and property from persons by materially false and fraudulent pretenses, representations, promises, and omissions of material facts, in violation of Title 18, United States Code, Section 1343.

[Indictment, filed 12/16/21 (dkt. no. 1), at 9.]  Subsequently, on March 17, 2022, a First Superseding Indictment was filed as

2

to all defendants, which again alleged one count of the conspiracy (Count 1) and added five additional counts alleging offenses of false statements in violation of 18 U.S.C. § 1001 (Counts 2 through 6) only as against Leong. See First Superseding Indictment, filed 3/17/22 (dkt. no. 79). Leong, Sword and Amemiya appeared at the arraignment and plea hearing on March 23, 2022, and each entered a plea of not guilty. See Minutes - EP: as to Defendants (01) Donna Yuk Lan Leong (02) Max John Sword, and (03) Roy Keiji Amemiya, Jr. - Telephonic Arraignment and Plea to the First Superseding indictment, filed 3/23/22 (dkt. no. 91).

     Relevant to the discovery issues at hand, this Court ordered the unsealing of certain documents in Civil No. 19-00026 JMS-KJM (now known as Civil No. 19-00026 LEK), and production of these documents (including those under seal) pursuant to protective order to Defendants and Leong. See Minute Order - EO: Court Order Reserving Ruling on the Unsealing of Two Documents in City & County of Honolulu v. United States, CV 19-00026 JMS-KJM, and Directing the Clerk's Office to Unseal All Other Portions of the Case, filed 7/5/22 (dkt. no. 116) ("7/5/22 Order").

**STANDARDS**

I.   **Federal Rule of Civil Procedure 16(a)**

Rule 16(a) "grants criminal defendants a broad right to discovery." United States v. Stever, 603 F.3d 747, 752 (9th Cir. 2010). Rule 16(a)(1)(E)(i) provides that a criminal defendant is entitled to discovery of documents and tangible things that are "within the government's possession, custody, or control," if the requested information is "material to preparing the defense." Information is in the Government's possession if the prosecutor "'has knowledge of and access to the documents sought by the defendant." Stever, 603 F.3d at 752 (quoting United States v. Santiago, 46 F.3d 885, 893 (9th Cir. 1995)). A defendant's access is not limitless under Rule 16 and is constrained by first having to "'make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense.'" Id. (quoting Santiago, 46 F.3d at 894).

Rule 16 is broader than Brady because "[i]nformation that is not exculpatory or impeaching may still be relevant to developing a possible defense." United States v. Muniz-Jaquez, 718 F.3d 1180, 1183 (9th Cir. 2013) (citation omitted).

## II. *Brady* Material

> Under Brady, prosecutors are responsible for disclosing "evidence that is both favorable to the accused and material either to guilt or to punishment." United States v. Bagley, 473 U.S. 667, 674, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) (internal quotation marks omitted). The failure to turn over such evidence violates due process. Wearry v. Cain, --- U.S. ----, 136 S. Ct. 1002, 1006, 194 L. Ed. 2d 78 (2016) (per curiam). The prosecutor's duty to disclose material evidence favorable to the defense "is applicable even though there has been no request by the accused, and . . . encompasses impeachment evidence as well as exculpatory evidence." Strickler v. Greene, 527 U.S. 263, 280, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999) (citation omitted).

Browning v. Baker, 875 F.3d 444, 459 (9th Cir. 2017). Also, "the prosecutor's personal knowledge does not define the limits of constitutional liability." Id. The Government has a duty under Brady "to learn of material exculpatory and impeachment evidence in the possession of state agents, such as police officers." Id. (citing Youngblood v. West Virginia, 547 U.S. 867, 869-70, 126 S. Ct. 2188, 165 L. Ed. 2d 269 (2006)).

### DISCUSSION

Defendants contend that the Government has failed to produce or otherwise respond to specific discovery requests, and these requests are identified in their memorandum of support. See Defs' Mem. in Supp at 9-12. The Government, in its opposition memorandum, argues that Defendants fail to demonstrate materiality and thus are not entitled to the

5

requested material.  It categorizes Defendant's discovery requests into seven categories:

> **1.  Memorandum presented to the Honolulu Police Commission ("Commission") by Corporation Counsel as referenced in LEONG REPORT-000712, a 44-page document("Memorandum")**

The Government states that the Memorandum contains minutes from a session on January 6, 2017, and that Sword's counsel provided a copy of these minutes to the Government on April 19, 2018.  See Govt's Mem. in Opp. at 7 n.1.  It further states that the Memorandum was not in its possession at the time the discovery request was made, and "simply does not know what memo was referenced in the minutes, . . . and thus does not have specific discovery to produce . . . ."  [Id. at 8-9.]

In its reply memorandum, Defendants submit that the Memorandum is "material in showing what knowledge [the Commission] and [Corporation Counsel] had on the legal ramifications of [Louis] Kealoha's separation."  [Defs.' Reply Memorandum in Support of Motion to Compel Production of Documents (Dkt. 118), filed 7/28/22 (dkt. no. 142) ("Reply"), at 5.]  Defendants contend that, while the Government may not currently possess the Memorandum, it must "address the critical issue of whether or not it was used as part of the investigation [of the criminal charges against them] . . . ."  [Id.]

Defendants fail to demonstrate under either Rule 16 or Brady that the Memorandum is material to their defense, or

6

contains exculpatory or impeachment evidence and therefore the Motion is DENIED as to the Memorandum. The Court is not aware of the Government's obligation to advise Defendants of what documents were reviewed in its investigation. Instead, the law identifies the Government's obligation to produce discovery where the documents are material to a potential defense, or contain exculpatory or impeachment evidence.

### 2. Document given by Nelson Koyanagi to William Axt ("Axt"), and a memorandum Axt received from Leong and that was discussed by Axt and Amemiya on May 25, 2017 (collectively "Axt Documents")

The Government states that, "[o]n May 25, 2017, a conversation between Amemiya, Axt, and another [Honolulu Police Department ('HPD')] official was surreptitiously recorded[,]" and that the recording as well as a transcript of the recording have been produced in discovery. [Govt's Mem. in Opp. at 9.] It denies that it has possession of any documents discussed in the recording, nor can it identify any documents possibly discussed. [Id. at 9-10.]

In reply, Defendants state that the Government has an obligation to turn over materials used in a joint police and federal agency investigation, and submit that Axt was in contact with the Federal Bureau of Investigation ("FBI") and thus there "was a joint HPD/FBI investigation." [Reply at 6 n.4.]

7

The Government has an obligation to produce discovery that may not be in its possession but in the possession of any state agents, such as police officers, acting on its behalf. See Browning, 875 F.3d at 460.  Therefore, the Motion is GRANTED as to the Axt Documents.  The Government shall investigate, locate, and produce the Axt Documents by no later than **August 10, 2022.**  Alternatively, if it concludes, after its investigation, that it has expended good faith and effort to locate the Axt Documents and is unable to do so, it shall file a declaration outlining the efforts made and persons contacted by no later than **August 10, 2022.**

### 3. Writings or other documents including emails and text messages that Duane Pang ("Pang") provided to Sword or the Commission regarding Louis Kealoha's ("Kealoha") severance

The Government states that it produced all the documents that it has in its possession related to Pang, and that "all parties simultaneously received additional [documents] . . . related to Duane Pang through the Farella Production.[1] [Govt's Mem. in Opp. at 10.]

In reply, Defendants state that the FBI clearly possessed a memorandum that was shown to Krishna Jayaram

---

[1] See City & County of Honolulu v. Leong, et al., MC 22-00103, Minutes - EP: [1] City and County of Honolulu's Motion to Quash Subpoena's and Motion for In Camera Review of Attorney-Client Privileged and Word [sic] Product Materials, filed 4/1/22 (dkt. no. 19), at for a description of the Farella Production.

8

("Jayaram") during his interview by the FBI ("February 8 Memorandum") and that he stated, after being shown the February 8 Memorandum, that "Pang would have expeditiously worked on providing it to Leong . . . ." [Reply at 7.]

The Government has an obligation to produce discovery that may be material to a potential defense. See Fed. R. Crim. P. 16(a)(1). The February 8 Memorandum was, at some point, in the Government's possession or the FBI's. Therefore, the Motion is GRANTED as to the February 8 Memorandum. The Government shall investigate, locate, and produce the February 8 Memorandum by no later than **August 10, 2022.** Alternatively, if it concludes, after its investigation, that it has expended good faith and effort to locate the February 8 Memorandum and is unable to do so, it shall file a declaration outlining the efforts made and persons contacted by no later than **August 10, 2022.**

> **4. January 11, 2017 email shown to Pang; February 8, 2017 memorandum drafted by Pang; January 2017 removal letter drafted by Pang; January 2017 memorandum regarding payment drafted by Pang; and all write-ups Pang provided to Leong regarding the settlement with Kealoha**

The Government maintains it "has produced all items in its possession relating to Duane Pang." [Govt's Mem. in Opp. at 11.] Additionally, Defendants now are in possession of the documents drafted by Pang "due to the Farella Production." [Id.]

9

As to the February 8 Memorandum, the Government shall produce it to Defendants as already ruled upon by the Court. See *supra* Discussion § 3. As to the remainder of the documents being requested, Defendants shall file a supplemental declaration stating that the documents being sought are not contained in the Farella Production and shall file the declaration no later than **August 10, 2022**.

**5.   Spreadsheet received by Jennifer Tobin ("Tobin") from Leong related to pay and benefits information for Dan Grabauskas ("Grabauskas"); spreadsheet seen by Tobin related to pay and benefits information for Grabauskas; document JKT-20 that includes instructions from Tobin to Hon Man Lai; documents including grand jury transcripts and FBI reports related to emails referenced in LEONG-GJT-000021.27-28, and this document's presentation to the grand jury; and copies of documents Koyanagi or his attorneys provided to the Government**

The Government states that it "has produced all documents in its possession related to [Tobin] . . . ." [Govt's Mem. in Opp. at 11.] It states: that Tobin's spreadsheets were not produced to the grand jury, and it does not have these documents in its possession; that it has already produced JKT-20; that it has already produced "all documents in its possession related to the email thread [referenced in LEONG-GJT-000021.27-28]"; and that it "has produced all documents in its possession related to [Koyanagi]." [Id. at 11-12.]

In reply, Defendants state that they have not received all documents presented during Amy Kondo's ("Kondo") grand jury

10

testimony "concerning its presentation of [the email thread] to the grand jury . . . ."  [Reply at 9.]

The Government has an obligation to produce discovery that may be material to a potential defense.  See Fed. R. Crim. P. 16(a)(1).  The documents presented during Kondo's grand jury testimony were, at some point, in the Government's possession.  Therefore, the Motion is GRANTED as to the documents presented during Kondo's grand jury testimony.  The Government shall investigate, locate, and produce the documents presented during Kondo's grand jury testimony by no later than **August 10, 2022**.  Alternatively, if it concludes, after its investigation, that it has expended good faith and effort to locate the documents presented during Kondo's grand jury testimony and is unable to do so, it shall file a declaration outlining the efforts made and persons contacted by no later than **August 10, 2022**.

As to the Defendants' requests for information regarding the Government's bates-stamping procedure and what documents were bates-stamped but not produced, and regarding color copies of documents produced in discovery, the parties are directed to meet and confer to resolve these issues.

   6.   **Filings and transcripts from the sealed matter in Civ. No. 17-00107 DKW-KJM**

The Government states that it "has produced all filings" in this matter.  [Govt's Mem. in Opp. at 12.]

11

In reply, Defendants contend that the Government has produced a docket sheet and documents that do not appear on the docket sheet.  See Reply at 10.  The parties are to meet and confer to resolve this issue, and the Court DIRECTS the Clerk's Office to provide a copy of the docket sheet in Civ. No. 17-00107 DKW-KJM to Defendants by **no later than August 8, 2022.**

### 7. Filings from the sealed matter in Civ. No. 19-00026 JMS-RT (now reassigned as Civ. No. 19-00026 LEK-KJM)

This issue is moot because, the Government, states that the parties "have access to all filings" in this matter. [Govt's Mem. in Opp. at 12.]  Defendants do not contradict that they have been provided access to the entire file in Civ. No. 19-00026 LEK-KJM as a result of the 7/5/22 Order.  However, Defendants now contend that they, after the filing of the instant Motion, made an additional discovery request and "[t]he Government has refused to produce all but one of the requested items."  [Reply at 13 (citations omitted).]

Because the Government has not had the opportunity to respond to this new contention, the Court DECLINES to rule on it but directs the parties to meet and confer to resolve these issues by **August 10, 2022.**  If they are unable to do so, then the parties are directed to brief the issue as follows:  the Government shall submit a copy of all documents to chambers (and not file under seal) that Defendants have requested but it has

12

refused to produce for the Court's *in camera* review, along with its memorandum (not under seal) stating the legal basis for its position that the documents are not discoverable under Rule 16 or Brady **by August 17, 2022.**  Defendants shall file their response by **August 24, 2022,** and the Government may file an optional reply by **August 31, 2022.**  The Court will thereafter take the matter under advisement.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Compel Production of Documents, [filed 7/7/22 (dkt. no. 118),] is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 2, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. DONNA YUK LAN LEONG, ET AL.; CR 21-00142 LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ROY KEIJI AMEMIYA, JR. AND MAX JOHN SWORD'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS [FILED 7/7/22 (DKT. NO. 118)]**