UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DONNA YUK LAN LEONG (01), MAX JOHN SWORD (02), ROY KEIJI AMEMIYA JR. (03),<br><br>　　　　　Defendant. | CR. NO. 21-00142 LEK |

**ORDER: DENYING DEFENDANT DONNA YUK LAN LEONG'S MOTION FOR A BILL OF PARTICULARS, [FILED 7/7/22 (DKT. NO. 120)]; DENYING DEFENDANT MAX JOHN SWORD'S SUBSTANTIVE JOINDER IN DEFENDANT LEONG'S MOTION FOR A BILL OF PARTICULARS [ECF 120], [FILED 7/11/22 (DKT. NO. 124)]; AND DENYING DEFENDANT ROY KEIJI AMEMIYA, JR.'S *SEALED* SUBSTANTIVE JOINDER TO DEFENDANT LEONG'S MOTION FOR A BILL OF PARTICULARS (DKT. NO. 120), [FILED UNDER SEAL 7/26/22 (DKT. NO. 137)]**

　　　　Defendant Donna Yuk Lan Leong ("Leong") seeks an order compelling Plaintiff United States of America ("the Government") to file a bill of particulars. See Leong's Motion for a Bill of Particulars, filed 7/7/22 (dkt. no. 120) ("Motion"). Leong seeks to compel the Government to "identify the specific theory or theories of prosecution that the government presented to the grand jury and which the grand jury adopted in charging the alleged offenses." [Leong's Memorandum in Support of Motion ("Mem. in Supp.") at 2.] The request for a bill of particulars pertains solely to Count 1 of the First Superseding Indictment filed on March 17, 2022, [dkt. no. 79].

Defendant Max John Sword ("Sword") filed his substantive joinder to the Motion on July 11, 2022. See Sword's Substantive Joinder in Defendant Leong's Motion for a Bill of Particulars [ECF 120], filed 7/11/22 (dkt. no. 124) ("Sword Joinder").

Defendant Roy Keiji Amemiya, Jr. ("Amemiya") filed his substantive joinder to the Motion on July 26, 2022. See Amemiya's *Sealed* Substantive Joinder to Defendant Leong's Motion for a Bill of particulars (Dkt. No. 120), filed under seal 7/26/22 (dkt. no. 137) ("Amemiya Joinder").[1]

The Government opposes the Motion on the grounds that Leong, Sword and Amemiya (collectively "Defendants") are "not entitled to know the precise evidence that the United States intends to introduce at trial but only the theory of the government's case." [Govt's Response in Opposition to Defendants' Motion for Bill of Particulars and Substantive Joinders, ECF Nos. 120, 124, 133, filed 7/21/22 (dkt. no. 135) ("Mem. in Opp."), at 8 (citations omitted).]

On July 28, 2022, Leong, Sword and Amemiya filed their respective replies, reiterating the arguments made in the original filings. See Leong's Reply to Government's Opposition

---

[1] A redacted version of the Amemiya Joinder was publicly filed. See Amemiya's Substantive Joinder to Defendant Leong's Motion for a Bill of Particulars (Dkt. No. 120), filed 7/21/22 (dkt. no. 133).

to Leong's Motion for a Bill of Particulars (Dkt. No. 120), filed 7/28/22 (dkt. no. 143); Sword's Reply to Government's Opposition to Leong's Motion for a Bill of Particulars, filed 7/28/22 (dkt. no. 144); Amemiya's Reply in Support of Substantive Joinder to Defendant Donna Yuk Lan Leong's Motion for Bill of Particulars (Dkt. No. 133), filed 7/28/22 (dkt. no. 140).

In the Motion, Leong submits that the superseding indictment filed in this matter lacks clarity in the sense that it

> cites two provisions of the Revised Ordinances of Honolulu (ROH), ROH 2-3.4 and ROH 2-17.2 (c)(1), as well as Ordinance 16-14 Relating to the Executive Operating Budget and Program for the Fiscal Year July 1, 2016 to June 30, 2017. However, these provisions are disconnected from the charging language, and they do not shed light on the Government's theory of criminal liability.

[Mem. in Supp. at 5.]  Moreover, Leong argues that "[t]he 'manner and means' section of a conspiracy charge should set forth the Government's theory of its case."  [Id. at 7.]  She contends that it does not.

For the reasons set forth below, the Motion, the Sword Joinder and the Amemiya Joinder are DENIED.

## **FACTUAL BACKGROUND**

On December 16, 2021, Defendants were initially charged with one count of conspiracy

3

>    a. To embezzle, steal, obtain by fraud and otherwise without authority knowingly convert over $5,000 or more from a program receiving federal funding, in violation of Title 18, United States Code, Section 666(a)(1)(A); and,
>
>    b. To devise and intend to devise, with the intent to defraud, a material scheme and artifice to defraud and to obtain money and property from persons by materially false and fraudulent pretenses, representations, promises, and omissions of material facts, in violation of Title 18, United States Code, Section 1343.

[Indictment, filed 12/16/21 (dkt. no. 1), at 9.] Subsequently, on March 17, 2022, a First Superseding Indictment ("Superseding Indictment") was filed, which alleged one count of the conspiracy (Count 1) and added five additional counts (only as against Leong) alleging offenses of false statements in violation of 18 U.S.C. § 1001 (Counts 2 through 6). See Superseding Indictment, filed 3/17/22 (dkt. no. 79). Defendants appeared at the arraignment and plea hearing on March 23, 2022, and each entered a plea of not guilty. See Minutes - EP: as to Defendants (01) Donna Yuk Lan Leong (02) Max John Sword, and (03) Roy Keiji Amemiya, Jr. - Telephonic Arraignment and Plea to the First Superseding indictment, filed 3/23/22 (dkt. no. 91).

## **STANDARDS**

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1).

4

Rule 7(f) provides, in pertinent part, that: "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).

> The bill of particulars has three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). Accord, United States v. Andrino, 501 F.2d 1373, 1378 (9th Cir. 1974); Yeargain v. United States, 314 F.2d 881, 882 (9th Cir. 1963). The denial of a motion for a bill of particulars is within the discretion of the district court; its decision will not be disturbed absent an abuse of this discretion. United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973).

United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). The right to be informed, however, is not unlimited. The government is not required in conspiracy cases to disclose all overt acts in furtherance of the conspiracy. Id. (citations omitted). "'A defendant is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case." Id. at 1181 (quoting Yeargain v. United States, 314 F.2d at 882).

5

## DISCUSSION

The Government states that it provided a lengthy and specific statement as to some of the overt acts that it alleges against Defendants regarding "the false statements and omissions made by the defendants in furtherance of the conspiracy." [Govt's Mem. in Opp. at 10 (citing Superseding Indictment at ¶¶ 33d, 33f, 33g, 33y).] It argues that this statement sufficiently meets its obligations to disclose its theory of its case against Defendants. The Court agrees.

"A bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense." United States v. DiCesare, 765 F.2d 890, 897 (9th Cir.), *amended*, 777 F.2d 543 (9th Cir. 1985) (citing Fed. R. Crim. P. 7(f); United States v. Inryco, Inc., 642 F.2d 290, 295 (9th Cir. 1981), *cert. dismissed*, 454 U.S. 1167, 102 S. Ct. 1045, 71 L. Ed. 2d 324 (1982)). Leong contends that the manner and means of the conspiracy is unclear, and that a bill of particulars is required because the Superseding Indictment fails to inform Defendants of the duty owed and what constituted their breach of duty to be charged with fraud by omission. However, "an indictment 'should be read **in its entirety**, construed according to common sense, and interpreted to include facts which are necessarily implied.'" United States v. Berger, 473 F.3d 1080, 1103 (9th Cir. 2007) (emphasis added) (quoting United

States v. King, 200 F.3d 1207, 1217 (9th Cir. 1999)). When read as a whole, the Superseding Indictment provides sufficient detail regarding the overt acts that the Defendants are alleged to have committed in furtherance of the alleged conspiracy. See, e.g., Superseding Indictment at ¶¶ 27, 28, 33e, 33f, 33h, and 33j-n. For these reasons, the Court concludes that the Superseding Indictment sufficiently and fairly advises Defendants of the charges against them.

Sword similarly argues that the Superseding Indictment leaves Defendants in the dark as to "[w]ho are the alleged members of . . . [the] conspiracy, [and] what was the nature of the . . . agreement to commit federal-program fraud and wire fraud . . . .?" [Sword Joinder at 3.] He also states that, because the Government has alleged that they conspired with each other and with "others," they are entitled to a bill of particulars identifying the unindicted co-conspirators to avoid surprise at trial and preparation of their defense. [Id. at 5-6.] Because Defendants will be provided with a list of the witnesses that the Government will call at trial as well as an exhibit list, there is little risk that Defendants will be surprised at trial with an unknown co-conspirator. See United States v. W.R. Grace, 401 F. Supp. 2d 1103, 1119 (D. Mont. 2005) ("[F]ull discovery obviates the need for a bill of particulars." (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.

7

1979))).  For these reasons, the Court concludes that the Superseding Indictment sufficiently advises Sword of the charges against him.

Amemiya argues as well that the Superseding Indictment is deficient and states he is "bewildered" by the inclusion of provisions from the Revised Ordinances of Hawai`i ("ROH"), [Amemiya Joinder at 10,] and emphasizes that the City and County of Honolulu's legal counsel determined that the settlement with Louis Kealoha did not constitute a settlement of a claim under ROH § 2-3.4, see id. at 6-9.  He contends that the Superseding Indictment fails to advise Defendants as to the manner and means of the conspiracy alleged against them.

Defendants have been charged with conspiracy to commit fraud and

> [i]ndictments alleging a scheme to defraud must provide sufficient facts to fulfill the purposes of an indictment.  See United States v. Cecil, 608 F.2d [1294,] 1297 [(9th Cir. 1979)] (citing with approval United States v. Curtis, 506 F.2d 985 (10th Cir. 1974), which held a mail fraud indictment invalid for failure to identify with particularity the nature of the alleged scheme).  Yet, the issue in judging the sufficiency of the indictment is whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case.  United States v. Thordarson, 646 F.2d 1323, 1337 & n.25 (9th Cir.), cert. denied, 454 U.S. 1055, 102 S. Ct. 601, 70 L. Ed. 2d 591 (1981).

> The allegations of the indictment are presumed to be true. Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16, 72 S. Ct. 329, 332 n.16, 96 L. Ed. 367 (1952). The Government need not allege its theory of the case or supporting evidence, but only the "essential facts necessary to apprise a defendant of the crime charged." United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir.), *cert. denied*, 400 U.S. 847, 91 S. Ct. 93, 27 L. Ed. 2d 84 (1970). . . .

United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982).

Reading the Superseding Indictment as a whole and presuming that the allegations are true for purposes of this Motion, the Court concludes that the Superseding Indictment sufficiently informs Amemiya of the manner and means of the conspiracy charged against him, and that unindicted co-conspirators need not be identified at this time through a bill of particulars.

## **CONCLUSION**

For the foregoing reasons, Leong's Motion for a Bill of Particulars, [filed 7/7/22 (dkt. no. 120),] is DENIED, and Sword's Substantive Joinder in Defendant Leong's Motion for a Bill of Particulars [ECF 120], [filed 7/11/22 (dkt. no. 124),] and Amemiya's *Sealed* Substantive Joinder to Defendant Leong's Motion for a Bill of particulars (Dkt. No. 120), [filed under seal 7/26/22 (dkt. no. 137),] are DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 2, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

USA VS. DONNA YUK LAN LEONG, ET AL.; CR 21-00142 LEK; ORDER: DENYING DEFENDANT DONNA YUK LAN LEONG'S MOTION FOR A BILL OF PARTICULARS, [FILED 7/7/22 (DKT. NO. 120)]; DENYING DEFENDANT MAX JOHN SWORD'S SUBSTANTIVE JOINDER IN DEFENDANT LEONG'S MOTION FOR A BILL OF PARTICULARS [ECF 120], [FILED 7/11/22 (DKT. NO. 124)]; AND DENYING DEFENDANT ROY KEIJI AMEMIYA, JR.'S SEALED SUBSTANTIVE JOINDER TO DEFENDANT LEONG'S MOTION FOR A BILL OF PARTICULARS (DKT. NO. 120), [FILED UNDER SEAL 7/26/22 (DKT. NO. 137)]