# MINUTE ORDER

CASE NUMBER:        CRIMINAL NO. 21-00142 LEK

CASE NAME:          USA v Donna Yuk Lan Leong et al.,

JUDGE:   Leslie E. Kobayashi          DATE:          2/8/2023

COURT ACTION:  EO: FURTHER COURT ORDER ON CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST'S MOTION TO UNSEAL COURT RECORDS

  On September 1, 2022, Civil Beat Law Center for the Public Interest ("Civil Beat") filed a Motion to Unseal Court Records ("Motion").  [Dkt. no. 163.]  On October 21, 2022, this Court granted the Motion in part.  See Minute Order - EO: Court Order Granting in Part Civil Beat Law Center for the Public Interest's Motion to Unseal Court Records, filed 10/21/22 (dkt. no. 183) ("10/21 EO").  In the 10/21 EO, this Court, inter alia, directed Plaintiff United States of America ("the Government") to produce to the City and County of Honolulu ("the City") the filings in MJ 17-00075 KJM ("MJ 17-075"), MJ 19-00001 KJM ("MJ 19-001"), and CV 17-00107 DKW-KJM ("CV 17-107"), and ordered further briefing regarding the issue of whether those filings should be unsealed.

  The City submitted a letter, dated November 9, 2022, in response to the 10/21 EO ("City Letter").  [City Letter, filed 11/10/22 (dkt. no. 185).]  The City concedes that no document in either MJ 17-075, MJ 19-001, or CV 17-107 should remain sealed in its entirety, and the City acknowledges that many of the documents must be unsealed in their entirety.  See City Letter at 1.  Attached to the City Letter is a log that identifies the documents that the City argues should be redacted before they are unsealed ("Redaction Log").  [Redaction Log, filed 11/10/22 (dkt. no. 185-1).]  On November 16, 2022, the Government, Defendants Donna Yuk Lan Leong, Max John Sword, and Roy Keiji Amemiya, Jr. ("Defendants"), and Civil Beat filed their respective responses to the City Letter.  [Dkt. nos. 186 ("Government Response"), 187 ("Defendants' Response"), 188 ("Civil Beat Response").]  Defendants argue the redactions proposed by the City are warranted, [Defendants' Response at 2,] while the Government and Civil Beat argue all remaining documents should be unsealed in their entirety, [Government Response at 2; Civil Beat Response at 2].

  Because the City recognizes that there is no basis to seal or redact any portion of the following documents, Civil Beat's Motion is GRANTED as to the following documents, which are hereby UNSEALED:

    -MJ 17-075, docket numbers 1, 4, 5, and 8; and

    -CV 17-107, docket numbers 3, 4, 8, 9, 10, 11, 12-2 to 12-37, 14, 23, 30, and 36.

In addition, this Court orders UNSEALED the following filings that were not addressed in the City Letter:

    -MJ 17-075, docket number 10; and

    -CV 17-107, docket numbers 15, 16, 17, 24, 31, 32, 33, 34, and 35.

The Clerk's Office is DIRECTED to unseal these docket entries on **February 10, 2023**, unless this Court directs otherwise.

The City has also conceded that the documents contained in the following files do not require redaction:
Folder - 17MJ0075-KJM, File name - Transcripts Only.pdf; and
Folder - 19MJ0001-KJM, File name - LEONG-REPORTS-000991_Mot Seal.pdf.  <u>See</u> Redaction Log at PageID.1750, PageID.1754.  This Court, however, cannot determine which docket entries in MJ 17-075 and MJ 19-001 these files correspond to.  This Court ORDERS the City to submit a letter identifying the corresponding docket numbers.  The City's letter must be submitted by **February 14, 2023**.

### I.    <u>Attorney-Client Privilege</u>

As to the City's assertions of attorney-client privilege, the City is ORDERED to file a privilege log that identifies each document for which the City is asserting the privilege.  The privilege log must include the following information:

    -a list of the persons who participated in the communication the City argues is privileged;

    -a description of the communication that includes sufficient information for this Court to determine whether the communication is privileged; and

    -a brief statement of the reason(s) why the City is asserting the privilege as to that communication.

The City's privilege log must be filed by **February 21, 2023**.  Civil Beat, the Government, and Defendants (either jointly or individually) may file optional responses to the City's privilege log by **March 7, 2023**.  To the extent that any party argues the attorney-client privilege has been waived, that party must attach evidence of such waiver.  This Court will take the matter under advisement thereafter.

### II.    <u>Privacy</u>

As to the City's assertions of privacy interests, this Court finds that there are

"compelling reasons sufficient to outweigh the public's interest in disclosure" of the full names of the unindicted individuals – with the exception of Nelson H. Koyanagi – because the public disclosure of the individuals' full names may allow the "court files [to] become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, [or] circulate libelous statements . . . ." See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (citations and internal quotation marks omitted).  There are no compelling reasons as to Mr. Koyanagi because he has, through counsel, previously filed publicly available documents in this case.  See, e.g., Proposed Deponent Nelson H. Koyanagi's Ex Parte Motion to Seal Medical Declaration, filed 2/2/22 (dkt. no. 36) (publicly filed, except for the supporting declaration).  As to the other unindicted individuals, the City is GRANTED leave to redact the individuals' names, with the exception of the individuals' respective first, last, and, if applicable, middle initials.  The City is ORDERED to submit the affected documents, with the City's proposed redactions to this Court by **February 21, 2023**.  If the City has complied with the terms of this entering order, the Court will provide the redacted documents to the Clerk's Office for public filing.

      For purposes of the City's February 21, 2023 submission for public filing, the City is temporarily granted leave to redact the material that the City asserts is protected by the attorney-client privilege.  This Court finds that there are compelling interests which require maintaining that information under seal during the litigation of the privilege issue.  As to any document that this Court ultimately concludes is not privileged, this Court will order the City to prepare a version of that document, with only the privacy redaction described above.

      The Clerk's Office is DIRECTED to serve copies of this entering order on Civil Beat, through its counsel, and the City, through its counsel.

      IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager